**Darius MORGAN, Petitioner–Appellant,**

v.

**Floyd BENNETT, Respondent–Appellee.**

No. 00–2724.

United States Court of Appeals, Second Circuit.

Oct. 10, 2001.

Harry Jho, Davis Polk & Wardwell; Ogden N. Lewis and Catherine Donnelly on the brief, New York, NY, for appellant.

Camille O'Hara Gillespie, Assistant District Attorney; Leonard Joblove, Assistant District Attorney on the brief, Brooklyn, NY, for appellee.

Present LEVAL and SOTOMAYOR, Circuit Judges, McMAHON, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Petitioner-appellant Darius Morgan appeals from the November 17, 2000 judgment of the district court denying his habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Morgan seeks to vacate his 1989 state conviction for second degree murder and second degree attempted murder. He argues that the state trial court abridged his constitutional right to confront his accuser when it did not permit his counsel to ask a prosecution witness, Denise Hill, "Did anyone threaten or force you to testify in this case?" (Tr. 476).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), to obtain a writ of habeas corpus Morgan must show that the state court's rejection of his claim "was contrary to, or involved an unreasonable application of" clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Although the state court did not explicitly refer to the Confrontation Clause claim, its disposition brings AEDPA into play under our holding in *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001).

As we implied in our earlier opinion, had the trial court disallowed cross-examination relating to efforts to coerce Hill to testify *falsely,* that would have raised a serious constitutional question. *Cf. Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). We observed, however, that pressure to testify "does not indicate pressure to falsify." *Morgan v. Bennett,* 204 F.3d 360, 371 (2d Cir.2000). The question the trial court disallowed raised no issue of falsity. Prosecuting authorities often bring pressure to bear upon reluctant witnesses to testify without any suggestion of untruthfulness. Indeed, every witness who testifies pursuant to a subpoena is under threat of legal action should the witness fail to appear. The question whether Hill had been forced to testify had so little bearing on the issue of Hill's credibility that the judge's refusal to allow it did not amount to a violation of the Confrontation Clause.

In our earlier consideration, we were unsure whether, in colloquy not brought to our attention, Morgan's counsel might have alerted the trial court that the proposed cross-examination sought to probe Hill's veracity. We remanded to the district court to explore the full record. After reconsideration by the district court, it is now clear that at no point in the discussion of the proffered cross-examination of Hill did Morgan's counsel make any suggestion that the proposed cross would explore pressure exerted by anyone to testify falsely. All counsel said to the trial judge

---

* The Honorable Colleen McMahon of the United States District Court for the Southern District of New York, sitting by designation.

was that "this witness was forced by the District Attorney to testify." (Tr. 479).

In an effort to show that the trial judge was made aware of an intention to question Hill's veracity, Morgan points to a colloquy that occurred the next day, after Hill's testimony had been concluded. Morgan was seeking to call Gladstone Smith as a defense witness. According to counsel's proffer to the trial judge, Smith would have testified that she and Hill were imprisoned together and Hill had said to her that "the mother of the deceased ... was forcing her to testify; that she didn't want to testify; ... she was not comfortable going on the stand because she was saying things that weren't true." (Tr. 523–24).

Had the trial judge rejected a proffer of cross-examination of Hill in these terms, that well might have raised a serious issue under the Confrontation Clause, because the proffer unquestionably would have addressed the truthfulness of Hill's testimony. But in this colloquy, counsel did not ask to recall Hill to reopen her cross-examination. The proffer was put solely in terms of calling Smith as a witness. We conclude that at no point did Morgan's counsel apprise the trial judge that his proffer to cross-examine Hill related to an issue of credibility. Given this finding, it follows that the state court's rejection of Morgan's claim was not unreasonable.

For the foregoing reasons, the judgment of the district court is AFFIRMED.